6

HAGOP T. BEDOYAN, CSB NO. 131285
JACOB L. EATON, CSB NO. 244834
KLEIN, DENATALE, GOLDNER,
 COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Suite 200
Bakersfield, California 93309
Telephone: (661) 395-1000
Facsimile: (661) 326-0418
Email: hbedoyan@kleinlaw.com; jeaton@kleinlaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

In re:

LJB FARMS, LLC.,

　　　　Debtor.

Case No. 17-12998-B-12

Chapter 12

Date: September 28, 2017
Time: 9:30 a.m.
Place: United States Bankruptcy Court
 2500 Tulare Street, Fifth Floor
 Department B, Courtroom 13
 Fresno, California
Judge: Honorable René Lastreto II

### CHAPTER 12 STATUS CONFERENCE REPORT

LJB Farms, LLC. ("Debtor") submits the following Chapter 12 Status Conference Report as required by the Order Setting Chapter 12 Status Conference entered on September 1, 2017:

### I. INTRODUCTION

1.　Debtor filed for relief under Chapter 12 of the Bankruptcy Code on August 3, 2017. Michael H. Meyer was appointed as the Chapter 12 Trustee in Debtor's case.

2.　Debtor owns about 84 acres of real property at two locations ("Farm One" and "Farm Three") including about 78 acres of almonds trees in various varieties, irrigation

systems, and 3 single-family homes. Debtor's primary secured lenders include Community West Bank and American AgCredit. Community West Bank holds a claim secured by a first deed of trust against Debtor's Farm One, first and second deeds of trust against Farm Three, and a junior security interest in Debtor's personal property. American AgCredit holds a claim secured by a first position security interest in personal property and a second deed of trust against Farm One and a third deed of trust against Farm Three.

3.　Debtor became unable to pay its mortgage payment on Farm One to Community West Bank. Therefore, Debtor filed this Chapter 12 case to stop the foreclosure sale and restructure Debtor's business and financial affairs.

## II. ADMINISTRATION OF CASE

4.　**Cash Collateral**: Debtor has not used cash collateral. Debtor filed a motion to use cash collateral that is set for hearing on Thursday, September 14, 2017.

5.　**Administrative solvency of the case including claims under §503(b)(9)**: Debtor believes that the a case is administratively solvent. Debtor's attorney is holding $12,182.50 in its trust account as a retainer. Debtor does not believe that any creditors hold claims with administrative priority under 11 U.S.C. § 503(b)(9).

6.　**Motions to Value**: Debtor does not believe that any motions to value collateral of creditors will be necessary for plan confirmation.

7.　**Objections to Claims**: Debtor does not believe that the resolution of any claim objections will be necessary for plan confirmation.

8.　**Motions for Relief**: There are no motions from relief from the automatic stay which are pending or which have been acted upon in Debtor's case.

9.　**Motions under § 365(d)(3) or (4)**: There are no motions under 11 U.S.C. § 365(d)(3) or (4) which are pending or which have been acted upon in Debtor's case. In addition, Debtor is not the lessee of nonresidential real property and will not file motions under Section 365(d)(3) or (4).

10.　**Motions or Stipulations for Credit**: Debtor has not determined whether it will be necessary for it to borrow money.

11.　**Employment of Professionals**: The Court authorized the employment of Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball as attorneys for Debtor on September 1, 2017. Debtor does not intend to employ any other professionals in its case at this time.

12.　**Motions to Dismiss**: There are no pending motions to convert or dismiss Debtor's Chapter 12 case filed by or against Debtor.

13.　**Chapter 12 Plan**: Debtor intends to propose a restructuring Chapter 12 plan that provides for the repayment of claims over time.

14.　Debtor intends to file a Chapter 12 Plan on or before October 12, 2017, so long as Debtor has the yields and sales information on its 2017 almond crop. Debtor anticipates that a hearing on confirmation of the Plan will be set on or about November 16, 2017. Debtor believes that the Plan will provide that Debtor will (a) continue its farming business during the term of the Plan and (b) repay allowed claims from future income through a Plan.

### III. ELIGIBILITY FOR RELIEF UNDER CHAPTER 12

15.　The definitions of "farmer" and "farming operation" should be liberally construed to effectuate the intent of Congress. *In re Glenn*, 181 B.R. 105, 107 (Bankr. E.D. Okla. 1995). This is evidenced by the definition of "farming operation" because the code uses the term "includes" rather than "means." 11 U.S.C. § 101(21). Debtor is a "family farmer(s)" as defined by 11 U.S.C. § 101(18) and is eligible for relief under Chapter 12 based on the following.

16.　11 U.S.C. § 101(18)(B) provides that a debtor may be a "family farmer" if it is a corporation or partnership in which more than 50% of its outstanding stock or equity is held by one family, or by one family and the relatives of the members of such family, and such family or such relatives conduct the family farming operation, and (i) more than eighty percent (80%) of the value of its assets consist of assets related to the farming operation; (ii) the aggregate debts do not exceed $4,031,575 and not less than fifty percent (50%) of its aggregate noncontingent, liquidated debts (excluding debt of one dwelling which is owned by such a corporation or partnership), on the date the case is filed arise out of the farming operation owned or operated by such corporation or such partnership; and (iii) if such corporation issues

stock, such stock is not publically traded. See Schedules A/B, D and E/F filed by Debtor on August 31, 2017 – copies of which are included as Exhibit "A" to the *Exhibits in Support of Chapter 12 Status Conference Report* on file herein ("the Exhibits"). Debtor's assets are 100% farm related assets including real and personal property valued at $3,324,464.00, as described in Schedule A/B. Debtor's debt does not exceed $4,031,575.00, but totals $2,734,525.40, and includes:

a. $298,832.00 owed to American AgCredit PCA ("AAC") secured by deeds of trust against Debtor's farmland and a UCC Financing Statement against debtor's personal property. The debt owed to AAC represents loans made to Debtor in 2013. A copy of the Promissory Note and Deed of Trust held by ACC is included as Exhibit "B" to the Exhibits,

b. $1,905,141.33 owed to Community West Bank ("CWB") secured by a deeds of trust against Debtor's farmland and a UCC Financing Statement against debtor's personal property. The debt owed to CWB represents three separate loans incurred by Debtor in the operation of its farm in 2015 and 2016. A copy of the Promissory Notes and Deeds of Trust held by CWB is included as Exhibit "C" to the Exhibits,

c. $7,667.36 owed to the Madera County Tax Collector secured by a lien against Debtor's farmland located in Madera County,

d. $17,582.46 owed to the Merced County Tax Collector secured by a lien against Debtor's farmland located in Merced County,

e. About $7,667.36 owed to taxing authorities for income taxes related to the Debtor's' farming operation,

f. $3,632.12 owed to Deere & Company secured by a Frank Russell 50 Blower,

g. 10,511.48 owed to Exchange Bank secured by a UCC financing Statement and purchase money security interest in a 2001 JCB 2014S backhoe,

h. 44,685.26 owed to Exchange Bank secured by a UCC financing Statement and purchase money security interest in a an irrigation system,

i. $11,263.09 owed to Sheffield Financial secured by a vehicle lien against a 2015 PJ goose neck trailer;

j. $18,932.60 owed to US Bank secured by a vehicle lien against a 2014 Ford Fusion automobile,

k. About $6,415.71 owed to the Franchise Tax Board for annual tax fees, and

l. $409,862.32 owed to various trade creditors for farm related products purchased or services rendered.

17. Debtor is a single member, sole manager, Limited Liability Company engaged in operating an almond farming operation. Debtor currently farms about 78 acres of almonds. Debtor has grown and harvested almonds since 2013, when it purchased the almost 40 acres of real property located at 13610 Avenue 21 ½, Chowchilla, California, on which about 36 ½ acres is planted with almonds trees.

18. In January 2016, Debtor purchased the approximately 45 acres of real property located at 4035 and 4261 S. Claussen Road, Merced, California, on which is planted with about 42 acres of almond trees.

19. Courts have adopted the totality of the circumstances test in determining whether a debtor under Chapter 12 is an engaged in a farming operation. See *In re Garako Farms, Inc.*, 98 B.R. 506, 508 (Bankr. E.D. Cal. 1988). The following factors are relevant to the determination. *Id*.

    a. **At least 50% of the equity in Debtor must be owned by one family.** Here, Debtor is a single member limited liability company owned and managed by Joanna Botelho.

    b. **Physical presence of family members on the farm and whether debtor lives on the farm**: The sole member and manager in Debtor resides in the residence located on the farm and is physically present every day.

    c. **Whether the 80% of the assets consist of farm assets**: Debtor owns traditional farm assets including farm equipment, and Debtor owns its farmland. 100% of the assets owned by Debtor are farm related.

d. **Whether the aggregate debts do not exceed $4,031,575.00.** Debtor's aggregate debts total $2,734,525.40.

e. **Whether the farming operation is the principal source of debtor's income**: Debtor's principal source of income is from farming.

f. **Whether the debtor is subject to the inherent risk faced by farmers**: Debtor is subject to the inherent risk faced by farmers including effects of weather, access to water, and crop cycles and development.

g. **Whether the debtor is involved in other businesses from which he receives income and whether the debtor is seeking to offset income from other sources or is involved in farming as a tax shelter**: Currently, Debtor's income is generated from the sale of the almonds grown on its real property. Debtor is not involved in farming to offset other income or as a tax shelter.

20. Debtor is a family farmer engaged in a farming operation. This is true because almond farming is a farming operation.

### III. CONCLUSION

Debtor is a "family farmer(s)" as defined by 11 U.S.C. § 101(18) and is eligible for relief under Chapter 12. Debtor anticipates that the Plan will provide that Debtor will continue its farming business and repay allowed claims through the Plan.

Date: September 14, 2017

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By /s/ Jacob L. Eaton
JACOB L. EATON
Attorneys for Debtor