THOMAS G. MOUZES (SBN 099446)
MARK GORTON (SBN 099312)
**BOUTIN JONES INC.**
Attorneys at Law
555 Capitol Mall, Suite 1500
Sacramento, CA 95814
Phone: 916.321.4444
Fax:    916.441.7597
Email: tmouzes@boutinjones.com
           mgorton@boutinjones.com

Attorneys for Creditor
American AgCredit, PCA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

(FRESNO DIVISION)

| | |
|---|---|
| In re<br><br>LJB FARMS, LLC,<br><br>         Debtor. | **Case No. 2017-12998**<br><br>Chapter 12<br><br>Doc. No. TGM-1<br><br>**MEMORANDUM IN SUPPORT OF MOTION OF AMERICAN AGCREDIT, PCA FOR RELIEF FROM THE AUTOMATIC STAY AS TO ALL REAL PROPERTY AND PERSONAL PROPERTY COLLATERAL**<br><br>Date:   January 4, 2019<br>Time:   9:30 a.m.<br>Place:   2500 Tulare Street<br>            Dept. B, Courtroom 13, Fifth Floor<br>            Fresno, California<br>Judge: Honorable René Lastreto II |

       American AgCredit, PCA, ("American") submits this memorandum in support of its motion for relief from the automatic stay.

### I.     INTRODUCTION.

       By the pending motion, American seeks relief from the automatic stay, as to itself and its agents, designees, assignees, employees, attorneys, representatives and/or independent contractors against Debtor and Debtor In Possession LBJ Farms, LLC ("Borrower" or "Debtor") and the

Chapter 12 Trustee Michael Meyer and the bankruptcy estate and all collateral, both real property and personal property, of American including the personal property of Debtor including, without limitation, all livestock, machinery, equipment, farm equipment, tools and fixtures, all goods, crops, harvested crops, farm products, inventory, parts, supplies, deposit accounts, capital stock issued under the Farm Credit Act of 1971, as amended, all rights to payment, payment of money or payment in kind, accounts, contract rights, patronage dividends, chattel paper, documents, instruments, general intangibles, warehouse receipts, and rights under any government or other loan or price support, general intangibles, all rights in and claims to any insurance policy, all rights to any statutory or common law lien or trust, all books, records, computer data and information related to the collateral and all proceeds and products of the thereof and all renewals, replacements, substitutions, additions, accessions, rents, issues, royalties and profits and the other personal property more fully described in the Security Agreement, the real properties of Debtor located in Madera and Merced Counties of the State of California and the stock of Debtor in American in the amount of $1,000 for: (1) the commencement, prosecution and completion of judicial and/or nonjudicial foreclosure proceedings pursuant to the applicable law which may include the appointment of a receiver, pursuant to applicable nonbankruptcy law and/or the applicable Loan Documents, and to obtain possession thereof following the sale in accordance with applicable nonbankruptcy law; (2) the exercise of rights and/or remedies under the applicable Loan Documents and/or the applicable law, including state law; and (3) for such other relief that the Court determines is just and proper.

American is informed and believes and on that basis alleges that the legal descriptions of the real properties are more fully described in the Deeds of Trust attached as <u>Exhibits F and G</u> to the Declaration of Scott Clifton ("<u>Clifton Dec.</u>"). As part of the motion for relief, American also requests a waiver of the fourteen (14) day stay period provided by the Federal Rules of Bankruptcy Procedure. This motion is brought pursuant to Local Rules 4001-1 and 9014-1 of the Local Rules, the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code.

## II.    <u>SUMMARY OF LOAN AND BREACH OF PLAN</u>

The loan ("<u>Loan</u>") of American, the subject of this motion, may be summarized as follows:

1  On or about June 18, 2013, Borrower executed the Master Loan And Membership
2  Agreement, Clifton Dec., <u>Exhibit A</u>.

3  On or about August 12, 2013, Borrower executed a Security Agreement in favor of
4  American. Clifton Dec., <u>Exhibit B</u>. The Security Agreement granted American a first priority lien
5  and security interest in the personal property of Borrower including, without limitation, all livestock,
6  machinery, equipment, farm equipment, tools and fixtures, all goods, crops, harvested crops, farm
7  products, inventory, parts, supplies, deposit accounts, capital stock issued under the Farm Credit Act
8  of 1971, as amended, all rights to payment, payment of money or payment in kind, accounts,
9  contract rights, patronage dividends, chattel paper, documents, instruments, general intangibles,
10 warehouse receipts, and rights under any government or other loan or price support, general
11 intangibles, all rights in and claims to any insurance policy, all rights to any statutory or common
12 law lien or trust, all books, records, computer data and information related to the collateral and all
13 proceeds and products of the thereof and all renewals, replacements, substitutions, additions,
14 accessions, rents, issues, royalties and profits and the other personal property more fully described in
15 the Security Agreement (collectively "<u>the Personal Property</u>").

16 On or about March 7, 2016, Borrower executed a Credit Agreement to evidence a loan in the
17 original principal amount of $325,000. Clifton Dec., <u>Exhibit C</u>.

18 On or about February 9, 2017, Borrower executed the Restructure Agreement, the
19 Amendment to Credit Agreement, the Deed of Trust, Security Agreement, Assignment of Rents and
20 Fixture Filing recorded in Madera County, and the Deed of Trust, Security Agreement, Assignment
21 of Rents and Fixture Filing recorded in Merced County. Clifton Dec., <u>Exhibits D-G</u>. The real
22 property and personal property more fully described in the Deed of Trust, Security Agreement,
23 Assignment of Rents and Fixture Filing recorded in Madera County, <u>Exhibit F</u>, to the Clifton
24 Declaration is referred to herein as the "<u>Madera Property</u>", and the real property and personal
25 property more fully described in the Deed of Trust, Security Agreement, Assignment of Rents and
26 Fixture Filing recorded in Merced County, <u>Exhibit G</u> to the Clifton Declaration is referred to herein
27 as the "<u>Merced Property</u>". The Madera Property and Merced Property are collectively referred to as
28 the "<u>Real Properties</u>". The loan is also secured by Borrower's Stock in American ("<u>Stock</u>") in the

amount of $1,000.

The Master Loan Agreement and Security Agreement both require Borrower to hold American's collateral proceeds received for the benefit of American and pay/deliver those proceeds to American.

As of the filing of this case on August 3, 2017, the amount due, owing and unpaid to American under the loan was $334,059.30. This sum consists of principal of $298,832.06, accrued and unpaid interest of $2,824.81, legal fees of $27,642.43, and a restructure fee of $4,750.00. Interest, attorney fees and other costs are continuing to accrue thereof in accordance with the loan documents. At the time of the filing of this case, the loan of Borrower with American was in default.

On or about December 16, 2017, Debtor confirmed its Chapter 12 Plan. Doc. Nos. 136, 137. Under the terms of the confirmed plan, American is listed as a Class 6 Claim, with a secured debt modified in the plan and American was to be paid under the plan first an interest only payment, which was due on October 1, 2018, and thereafter was to be paid annual payments of principal and interest. Id. The first payment due American under the plan was on October 1, 2018 and was not made by Borrower and Borrower is in default of its plan.

American is informed and believes that the collateral is subject to liens and encumbrances in favor of Community West Bank of $1,905,141.33 and the liens in favor of American for at least $334,059.30. Taxes are also due on the Madera Property of $7,667.36 and the Merced Property of $23,125.12. See Stay Motion of Community West Bank, Doc. Nos. 169-171. Borrower failed to make its payment under the confirmed plan and the Chapter 12 Trustee filed a motion to dismiss currently scheduled for hearing on January 17, 2019. Doc. No. 163-166.

On or about December 4, 2018, this Court granted Community West Bank relief from the automatic stay as to the Real Properties. Doc. No. 196.

During November 2018, the Chapter 12 Trustee filed his motion to dismiss this case as a consequence of Debtor's breach of its plan. The hearing on the motion is currently set for January 17, 2019.

/ / /

/ / /

### III. THE AUTOMATIC STAY OF 11 U.S.C. SECTION 362 SHOULD BE TERMINATED AS TO AMERICAN

Bankruptcy Code Section 362(d), 11 U.S.C. Section 362, provides that the Court shall grant relief from the stay of Bankruptcy Code Section 362(a) on the request of a party in interest and after notice and a hearing for either of the following independent reasons:

1. For cause, including the lack of adequate protection of an interest in property of such party in interest; [or]

2. With respect to a stay of an act against property if the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization. ....

In order for a party moving for relief under Section 362(d) of the Bankruptcy Code to prevail, the moving party needs to prevail on only one of the alternative grounds set forth in Section 362(d). United Savings Association of Texas v. Timers of Inwood Forest Associates, Ltd., 484 U.S. 365, 368-369, 108 S.Ct. 626, 629 (1988).

Section 362(d)(1) provides that a secured creditor is entitled to relief from the automatic stay for cause. What constitutes "cause" for relief from the stay must be determined on a case by case basis. In re Castlerock Properties, 781 F.2d 159, 163 (9th Cir. 1986); In re MacDonald, 755 F.2d 715, 717 (9th Cir. 1985). A debtor's continuing losses, lack of cash flow and failure to make payments has been held to constitute cause for termination of the automatic stay. In re Three Tuns, Inc., 35 B.R. 110, 111 (Bankr. E.D. Pa. 1983); In re Frascatore, 33 B.R. 687, 688 (Bankr. E.D. Pa. 1983) [debtor's failure to make payments and no legitimate plan constitutes cause for termination of automatic stay]; Matter of 3868-70 White Plains Road, Inc., 28 B.R. 515, 518 (Bankr. S.D. N.Y. 1983).

Cause exists to terminate the stay under the facts of this case as to the Personal Property, the Real Properties and the Stock for reasons including, without limitation, the failure of Debtor to make payments under the confirmed plan, the Chapter 12 Trustee's pending motion to dismiss, the Debtor's breach of American's loan at the time of the filing of this case, and this Court's termination of the automatic stay in favor of Community West Bank, who hold a senior lien on the Real Properties. American needs to take steps to preserve its senior priority security interests in its crop

collateral including by providing notice to account debtors under applicable law and the Loan Document with notice to pay American directly and to protect its interests.

As part of the motion, American requests a waiver of the 14-day stay period provided by Federal Rules of Bankruptcy Procedure.

American requests this Court grant the motion in its entirety.

Dated: December 17, 2018.

BOUTIN JONES INC.
Attorneys at Law

By: */s/ Thomas G. Mouzes*
      THOMAS G. MOUZES

Attorneys for Creditor
AMERICAN AGCREDIT, PCA

MEMORANDUM

983755.1